**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 19-4142**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JONATHAN C. LONG,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Senior District Judge. (4:10-cr-00067-RBS-TEM-1)

Submitted: August 28, 2019                Decided: September 11, 2019

Before WILKINSON, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bryan L. Saunders, Newport News, Virginia, for Appellant. Dee Mullarkey Sterling, Assistant United States Attorney, Newport News, Virginia, Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan C. Long appeals the district court's order revoking his supervised release and ordering a sentence of 24 months' imprisonment and 18 months' supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning the reasonableness of Long's sentence, and whether the court properly admitted laboratory reports as evidence of Long's drug use. We affirm.

We review the district court's evidentiary rulings in a revocation hearing for abuse of discretion. *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2012). Defendants have the right in a revocation hearing to confront and cross-examine witnesses. *Id.* However, we discern no error in the court's decision to rely on testimony from the certifying scientist from the independent testing laboratory concerning the lab reports he certified. *See United States v. Washington*, 498 F.3d 225, 229-32 (4th Cir. 2007) (approving testimony by head of testing laboratory concerning raw data generated by the laboratory's diagnostic machines).

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 439-40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if a sentence is either procedurally or substantively unreasonable is a

determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). Our review of the record leads us to conclude that Long's sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the order of the district court. This court requires that counsel inform Long, in writing, of the right to petition the Supreme Court of the United States for further review. If Long requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Long. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*